RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/19/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ERIC JONES

CIVIL ACTION NO. 1:10-cv-00732
SECTION "P"

VERSUS

UNITED STATES OF AMERICA

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§2671-2680, on May 24, 2010, by pro se plaintiff, Eric Jones ("Jones"). The named defendant is the United States of America.

Jones alleges that while he was incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP Pollock"), he was injured in an attack by two other inmates. In his complaint, Jones argues that the correctional officer on duty left his post so he could not hear Jones' cries for help. In his response to the government's motion for summary judgment, Jones acknowledges the correctional officer was indeed present but he maintains the argument the correctional officer failed to protect him. Jones further contends that the United States is liable for the inactions and negligent behavior of its employee. Jones seeks $500,000.00 in monetary damages.

The United States filed a motion for summary judgment (Doc. 19) on May 4, 2011 to which plaintiff responded on May 23, 2011 (Doc. 23). The matter is now before the undersigned for report and

recommendation.

## Statement of the Case

On July 8, 2007, Stephan Moorer ("Moorer") and Shawn Blake ("Blake") entered cell 62 in the C-4 area and stabbed Jones with sharpened metal weapons. Though video surveillance of the attack itself does not exists, there are images of what transpired thereafter.

The video shows Jones ran from his cell and down the stairs with Moorer and Blake pursuing him. Correctional Officer Morrison (CO Morrison), who was unarmed, headed toward the three men but was forced to turn around and take shelter in the stairwell because Blake was chasing and swinging his weapon at CO Morrison. As Blake ran after CO Morrison, Moorer continued after Jones.

Upon seeing Jones, CO Morrison opened the stairwell door and allowed Jones entry. Moorer and Blake attempted to gain access but, after failing to do so, walked away. Responding officers then arrived on the scene.

As a result of the attack, Jones suffered multiple life threatening stab wounds and lacerations to his torso, abdomen, rib cage, shoulder and neck.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.

Paragraph (e) of Rule 56 also provides the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

3

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See <u>Celotex</u>, 477 U.S. at 325, 106 S.Ct. 2548; see also <u>Lavespere</u>, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir.1994); <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Id.</u>

LAW AND ANALYSIS

<u>Sovereign Immunity and the FTCA</u>

As the sovereign, the United States is immune from suit unless and only to the extent that it has consented to be sued. <u>Truman v. U.S.</u>, 26 F.3d 592, 594 (5th Cir. 1994). Through enactment of the FTCA, the government has generally waived it sovereign immunity

4

from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §1346(b).

There are, however, exceptions to the waiver of sovereign immunity in the FTCA. See 28 U.S.C. §2680(a)-(n). Specifically, the waiver of sovereign immunity under the FTCA does not apply to "discretionary functions" of the government. 28 U.S.C. §2680(a). A two prong test was set forth in Berkovitz v. U.S., 486 U.S. 531, 536-37 (1988) to determine whether an act is discretionary in nature. First, the challenged governmental action should be the product of "judgment or choice" and, second, that judgment or choice should be based on "considerations of public policy." United States v. Gaubert, 499 U.S. 315, 322-323 (1991). That is, whether the judgment is "grounded in social, economic or political policy." Id. at 323.

It has long been held that prison administrators enjoy deference in adopting and implementing policies and procedures which they feel will ensure order and discipline in the prisons. Bell v. Wolfish, 441 U.S. 520, 547 (1979). The Fifth Circuit recognized that same discretion was enjoyed by the prison

5

officials, including staff members when dangerous and chaotic circumstances arise. Buchanan v. United States, 915 F.2d 969, 972 (5th Cir. 1990).

Though Buchanan involved a prison riot rather than an inmate on inmate assault, it is still applicable as both cases involved chaotic circumstances where difficult decisions had to be made immediately. As previously set forth, CO Morrison attempted to protect Jones, but when he found himself in the middle of the assault, he made the reasonable decision to retreat as his intervention could have resulted in serious injury or even caused the situation to escalate. Plaintiff fails to point to any mandate requiring a correctional officer to come to his aid and in researching the matter, I have not discovered one. Thus, CO Morrison was justified in exercising his discretion. It is worth noting, however, that despite Jones' contentions, CO Morrison did attempt to protect him as the video shows CO Morrison opening the stairwell door to Jones so he can escape his pursuers. Accordingly, while CO Morrison might have decided to escape to prevent injury, he continued to do what he could to protect Jones under those circumstances.

As Jones claims fall within the discretionary function exception to the FTCA, his should be dismissed with prejudice.

Negligence

Even if the discretionary function exception does not apply, Jones' claims should be dismissed as there is no evidence of negligence.

6

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place whether the act or omission occurred. 28 U.S.C. §1346(b). Substantive state law determines whether a cause of action exists. Johnston v. U.S., 85 F.3d 217, 219 (5th Cir. 1996).

To prevail on a negligence claim under La. Civil Code articles 2315 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). Brown v. Lee, 639 So.2d 897, 898-99 (La.App. 5 Cir. 1994), citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Fowler v. Roberts, 556 So.2d 1, 4 (La. 1989); Scott v. State, 618 So.2d 1053 (La.App. 1 Cir. 1993). Also, La.C.C. art. 2315.

"The longstanding jurisprudence is clear: in order to hold the penal legal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must (1) know or have

7

reason to anticipate that harm will ensue, and (2) fail to use reasonable care in preventing the harm." Harrison v. Natchitoches Parish Sheriff's Dept., 898 So.2d 349, 349-50 (La. 2005), citing Jackson v. Phelps, 672 So.2d 665 (La. 1996); Parker v. State, 282 So. 2d 483 (La. 1973).

In the instant case, there is no evidence that CO Morrison had reason to believe Jones was in danger and would be the target of an assault. In fact, Jones admits he had no knowledge as to why Morrison or Blake stabbed him (Doc. 4, p. 7). Further, the video evidence shows that under the circumstances, CO Morrison did everything in his power to protect Jones from harm. The attack happened without warning, out of the view of CO Morrison or prison population. As soon as he realized what was happening, CO Morrison attempted to intervene. Only after being pursued did he retreat and, even then, he continued to keep an eye on Jones and allow him access to the safety of the stairwell.

Having failed to prove a breach of duty, Jones' claims should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. 19) BE GRANTED and plaintiff's suit BE DISMISSED WITH PREJUDICE .

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this _19_ day of September, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE